# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CRYSTAL MARIE MILTENBERGER, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, <br> Acting Commissioner of <br> Social Security Administration, <br><br> Defendant. | Case No. 3:15-CV-99 JVB |

## OPINION AND ORDER

Plaintiff Crystal Marie Miltenberger seeks judicial review of the Social Security Administration's decision denying her disability insurance benefits. She asks the Court to reverse the Administration or to remand the case. The Court affirms.

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court must ensure that the ALJ has built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005).

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a conclusively disabling impairment, whether he can perform his past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012).

The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

In applying for her disability insurance benefits, Plaintiff alleged that, among other things, various ailments related to her spine, as well as her depression and fibromyalgia, preclude her from working. The ALJ found that her impairments weren't disabling, and Plaintiff is challenging those findings in this appeal.

As a preliminary matter, Plaintiff claims that, in denying her application for benefits, the ALJ erred in relying on unsigned doctor reports. But her challenge is not that the ALJ relied upon the unsigned reports of consultative examiners, which the Regulations prohibit, *see* 20 C.F.R. § 404.1519n(e); rather, she challenges the reports of the consultants who didn't examine Plaintiff but reviewed the record as a whole, and who typed their names on the forms in the "signature boxes."

The Regulations are silent as to what kind of affirmation must be included in the consultant's report. And that is the first downfall of Plaintiff's argument. *See Devries v. Colvin*, No. 3:15-CV-188-PPS, 2016 WL 4409231, at *3 (N.D. Ind. Aug. 18, 2016). As in *Devries* so here: Plaintiff failed to "cite any authority explaining what does and does not constitute an electronic signature." *Id.* Moreover, as Judge Simon observed in *Devries*, there is a

> provision in POMS that suggests such forms may (or must) be completed online and "signed" electronically:
>
> > eForms, UniForms, and OMB approved forms incorporated in electronic tools, such as eCAT, are electronically signed using the "SIGN" button located in the signature field. The "SIGN" button produces an approved electronic signature, in an italicized font, of the user who is logged on to the workstation. Electronically signed eForms, UniForms, and forms incorporated into electronic tools, such as eCAT, do not require a handwritten signature.

> DI 81020.105(C)(1). POMS appears to contemplate a form of approved electronic signature that may be what was used on the Lovko and Dobson forms.

*Id.*

What is more, district courts in the Seventh Circuit "have affirmed ALJs reliance on reports signed using electronic signatures." *Id.* (citing cases).

Plaintiff next claims that the ALJ erred in failing to assign weight to the medical opinions of her treating physicians—Drs. David Miller, Richard Silberman, Kamaljeet Girn, Michael Spence, Mohamad Rifai, and Daniel Cha—while wrongly assigning great weight to her treating psychiatrist, Dr. Linda Munson, and psychological consultant, Dr. Joyce Scully. She also disagrees with the ALJ giving Dr. Dean Shoucair's consultative opinion "significant weight," but only "minimal weight" to her examining physician, Dr. Daksha Vyas. As to Dr. Vyas, Plaintiff thinks that the ALJ should have assigned controlling weight to her opinion because Dr. Vyas was more familiar with Plaintiff's condition than any other doctor in the record.

There are two problems with Plaintiff's contentions. First, the ALJ does not need to mention every piece of medical evidence in his opinion, or identify every doctor by name,[1] or use magic words for indicating what weight he's assigning to a medical opinion. Second, the Plaintiff picks from the doctors' reports that which favors her and overlooks everything else.

While recognizing that some medical opinions may have "controlling weight," the Regulations do not have specific levels of weight for all other opinions that do not fall into the "controlling weight" category. Rather, as with any kind of case where the weight of evidence needs to be considered, the weight designation of a medical opinion is an indication of how much significance is accorded to it. Therefore, the Court is not looking for just an adjective

---

[1] Of course, for the sake of ease and clarity, it's preferable that the ALJ names the doctors when considering their opinions.

before the word "weight" (such as "great," "significant," "minimal," etc.) in the ALJ's decision, but for something that allows the Court to determine to what extent the ALJ found the medical opinion reliable.

Here, the ALJ noted the objective findings from various tests Plaintiff underwent and compared the doctors' opinions against that evidence. He also compared the doctors' opinions against their own notes, diagnoses, and observations. Finally, the ALJ evaluated the medical opinions for consistency among all medical sources as a whole. And he did so within the parameters of 20 C.F.R. § 404.1527 (examining relationship, treatment relationship, length of treatment relationship and the frequency of examination, nature and extent of the treatment relationship, etc.). In doing so, the ALJ found that Dr. Vyas's medical opinion was inconsistent with her own treatment notes and the clinical records. (*See* R. at 23 (citing e.g., R. at 614–615, 618, 628.) As for Drs. Miller, Silberman, Girn, Spence, Rafai, and Cha, while not always identifying them by name, the ALJ considered these doctors' findings, as the Plaintiff herself acknowledges.[2] (*See* Pl.'s Op. Br., DE 20, at 18.) And there's nothing in those records that undermines the substantial evidence upon which the ALJ's opinion was based. Instead, the opinions of these doctors point to mild impairments as opposed to disabling conditions.

Plaintiff argues that the ALJ assigned too much weight to Dr. Munson and misstated the record when "he indicates Dr. Munson's 'findings support [the ALJ's] determination and illustrate the existence of nonsevere health impairment.'" (Pl.'s Op. Br., DE 20 at 18.) But Dr. Munson's notes stated just that: during the exam Plaintiff was cooperative, had normal speech

---

[2] The Court disagrees with Defendant's contention that none of these doctors' records constitute medical opinions. "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 404.1527. In light of this definition, only Dr. Girn's record from late October 2011 doesn't constitute a medical opinion because his notes only suggest to "consider a major depressive disorder," as opposed to diagnosing Plaintiff with such a disorder.

and psychomotor behavior, and a logical goal-directed thought process. (R. at 603.) Other mental functioning was "normal/unremarkable." (R. at 604.) While Plaintiff wants to discredit Dr. Munson's conclusions because Dr. Munson glossed over Plaintiff's admissions of marijuana use, Plaintiff hasn't fully developed this argument.

Similarly to her contentions about Dr. Munson, Plaintiff believes that the ALJ's attribution of great weight to the medical opinion of Dr. Scully was erroneous. In particular, she argues that the ALJ cherry-picked from Dr. Scully's report and overlooked such things as Plaintiff not understanding the proverb that "the grass is always greener on the other side," being unable to divide numbers, thinking that a volcano is a storm, and not knowing what an equator is. But Plaintiff does not paint the whole picture: Dr. Scully found that Plaintiff was fully oriented, made eye contact, and was cooperative, pleasant, and appropriately dressed; her mental examination revealed unremarkable results; as for the proverbs and math, Plaintiff understood two out of three proverbs and correctly added, subtracted, and multiplied numbers; furthermore, Plaintiff remembered three out of three objects after 25 minutes and recited three digits backwards.

Finally, Plaintiff objects to the ALJ's attribution of significant weight to Dr. Shoucair's opinion. Dr. Shoucair examined Plaintiff in March 2012 and found that she had full range of motion in her spine, arms, and legs. She appeared in no apparent distress, got on and off the examination table without any issue, and had a good tandem gait. (R. at 500.) There was no evidence of swelling and Plaintiff had good muscle tone and strength in both arms and legs. (*Id.*) While Dr. Shoucair wasn't a treating physician, that fact by itself doesn't undermine her evaluation. And although Dr. Shoucair didn't have the benefit of subsequent MRIs, those images showed no more than mild bulging while all other findings were unremarkable. (R. at 534–536.)

For all these reasons, the Court finds that the ALJ based his opinion upon substantial evidence and affirms his decision.

SO ORDERED on September 30, 2016.

                                          S/ Joseph S. Van Bokkelen
                                          JOSEPH S. VAN BOKKELEN
                                          UNITED STATES DISTRICT JUDGE